Andrea Lynn Rice (SBN 94314)
LAW OFFICES OF ANDREA LYNN RICE
A Professional Corporation
3420 Ocean Park Blvd., Suite 3030
Santa Monica, California 90405
(310) 450-6789  Fax 310-450-2112

Attorney for Respondent Myer J. Sankary,
Successor Trustee of the Aubry Family Trust,
erroneously designated as "Plaintiff"

JS - 6

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA RINGGOLD, JUSTIN RINGGOLD LOCKHART, <br><br> Defendants and Appellants, <br><br> v. <br><br> MYER SANKARY, <br><br> Plaintiff and Respondent. | CASE NO. 2:12-cv-08905-R <br> [Assigned to Hon. Manuel L. Real] <br><br> **ORDER REMANDING ACTION AND AWARDING ATTORNEY FEES** |

**TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:**

The motion of Myer J. Sankary, Successor Trustee of the Aubry Family Trust, to remand this matter to the Court of Appeal of the State of California, Second Appellate District, Division Five, came on regularly for hearing on December 17, 2012, at 10:00 a.m., in Courtroom 8 of the above-entitled court, the Honorable Manuel L. Real, Judge presiding.

Andrea Lynn Rice, Esq. appeared on behalf of the moving party, Myer J. Sankary, Successor Trustee of the Aubry Family Trust; Charles G. Kinney appeared on behalf of the removing parties, Nina Ringgold and Justin Ringgold-Lockhart.

///

Having considered all the papers, and the oral arguments of counsel, the Court finds that this case must be remanded for lack of subject matter jurisdiction and that Sankary is entitled to an award of attorney fees pursuant to 28 U.S.C. § 1447(c).

1. <u>THIS ACTION MUST BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION</u>.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have original jurisdiction over the suit. Title 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Title 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.2d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260 (D. Or. 2001).

Nina Ringgold and her son, Justin Ringgold-Lockhart, attempted to remove this action pursuant to the federal civil-rights removal statute, Title 28 U.S.C. § 1443, which states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place where it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

> equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Ms. Ringgold and Mr. Ringgold-Lockhart have failed to establish that removal is permissible under Title 28 U.S.C. § 1443 for several reasons. First, neither Ms. Ringgold nor Mr. Ringgold-Lockhart are defendants in the underlying probate action. Second, this matter falls within the probable exception to federal subject matter jurisdiction. Third, this Court should abstain from exercising jurisdiction pursuant to the abstention doctrine announced in *Younger v. Harris*, 40 U.S. 37 (1971). Fourth, Ms. Ringgold failed to identity any inability to enforce equal protection rights in the State court, as required by subsection one of Title 28 U.S.C. § 1442. Fifth, Ms. Ringgold failed to identify a colorable conflict between state law and federal racial equality laws.

2. <u>THE MOVING PARTY IS ENTITLED TO HIS ATTORNEY FEES PURSUANT TO 28 U.S.C. § 1447(C).</u>

28 U.S.C. § 1447(c) provides, in pertinent part:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . .

Pursuant to that code section, the court further awards to Sankary, as authorized by 28 U.S.C. § 1447(c), attorney fees in the amount of $5,775.00, which were incurred as a result of the removal. This amount is based on a total of 46.2 hours at a rate of $125.00 per hour, as detailed below.

> 4.4 hours: Reviewing removal notice, joinders and exhibits;
> 5.5 hours: Meeting and conferring via telephone messages and correspondence with C. Kinney per Local Rule 7.3;
> 20.4 hours: Preparing the motion to remand, including

statutory and case law research and supporting exhibits; reviewing PACER website re multiple cases, either removed or originally filed, that relate to the present removal; prepare notice of related case and statement of interested parties; 11.8 hours: Reviewing and analyzing opposition papers and exhibits; preparing reply to opposition; and 4.1 hours: Appearing at hearing on remand motion; preparing proposed order.

IT IS HEREBY ORDERED that this action is REMANDED.

IT IS FURTHER ORDERED that the removing parties, Nina Ringgold and Justin Ringgold-Lockhart, and and their counsel, Charles G. Kinney, are to pay to Sankary, as Successor Trustee of the Aubry Family Trust, the sum of $5,775.00 for his attorney fees incurred as a result of the removal.

DATED: January 23, 2013

By:_____
HON. MANUEL L. REAL
Judge of the U.S. District Court

(CV08905.Order.Motion To Remand)